UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIRST AMENDMENT COALITION,<br><br>   Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>   Defendant. | Case No: 18-cv-05731 SBA<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Dkt. 49, 52 |

Plaintiff First Amendment Coalition ("Plaintiff") brings the instant action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Department of Justice ("Defendant" or "DOJ").

I.  **BACKGROUND**

On March 31, 2021, the Court issued an Order Granting in Part Defendant's Motion for Summary Judgment and Denying in Part Plaintiff's Cross-Motion for Partial Summary Judgment ("SJ Order"). Dkt. 66. As set forth therein, the Court granted Defendant's motion and denied Plaintiff's motion as to all withheld information other than a "search warrant package." Regarding the search warrant package, which consists of a sealed application for a search warrant, an order of the United States District Court for the District of Colombia granting a motion to seal the warrant (the "sealing order"), attachments, and an affidavit in support of the search warrant application, the Court reserved decision on the parties' motions pending *in camera* review of the sealing order. The Court directed Defendant to submit a copy of the sealing order to the Court by April 9, 2021.[1]

---

[1] The instant Order should be read in conjunction with the SJ Order dated March 31, 2021, which sets forth the factual and procedural background, legal standards, and the bulk of the Court's analysis as to the parties' cross-motions. Only information pertinent to the Court's final determination regarding the search warrant package is included herein.

On April 9, 2021, Defendant filed a Notice of *In Camera* Submission, Dkt. 67, and submitted the sealing order to the Court for in camera review. Having now reviewed the sealing order, the Court hereby GRANTS IN PART Plaintiff's motion for summary judgment and DENIES IN PART Defendant's motion for summary judgment, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## II. DISCUSSION

As stated above, the search warrant package consists of a sealed application for a search warrant, the district court's sealing order, attachments, and an affidavit in support of the search warrant application. Brinkmann Decl. ¶ 32, Dkt. 49-1. The search warrant pertained to a device at issue in the grand jury investigation of James Wolfe ("Wolfe"). Brinkmann Supp. Decl. ¶ 6, Dkt. 53-2. That investigation concluded and Wolfe pled guilty to one count of the Indictment that was filed. See Snyder Decl. ¶ 5, Dkt. 52-1; United States v. Wolfe, 1:18-cr-00170, Indictment (June 7, 2018); id. (Statement of Offense in Supp. of Def.'s Plea of Guilty (Oct. 11, 2018).

In the prior SJ Order, the Court found that certain information contained in the search warrant package—contact information and/or identities of Departmental personnel and information pertaining to third parties—was properly withheld (i.e., redacted) pursuant to Exemptions 6 and 7(C). However, the Court found that the search warrant package was not properly withheld in its entirety pursuant to Exemptions 3 and/or 5. In a footnote of its motion for summary judgment, Defendant also contended that the search warrant application and related materials may be withheld because they are subject to a sealing order. Def.'s Mot. at 14 n.3, Dkt. 49. As discussed in further detail below, the Court found that the DOJ failed to satisfy its burden of demonstrating that the sealing order prevents disclosure, but reserved a final decision pending *in camera* review of the sealing order.

As previously set forth in the SJ Order, "the mere existence of a court seal is, without more, insufficient to justify nondisclosure under the FOIA. Instead only those sealing orders intended to operate as the functional equivalent of an injunction prohibiting

disclosure can justify an agency's decision to withhold records that do not fall within one of the specific FOIA exemptions." ACLU of N. Cal. v. Dep't of Justice, 2015 WL 3793496, at *15 (N.D. Cal. June 17, 2015), order clarified on reconsideration, 2015 WL 4241005 (N.D. Cal. July 13, 2015) (quoting Concepcion v. FBI, 699 F. Supp. 2d 106, 111 (D.D.C. 2010) (quoting Morgan v. United States, 923 F.2d 195, 199 (D.C. Cir. 1991)); cf. GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc., 445 U.S. 375, 387 (1980). An agency bears the burden of demonstrating that a sealing order was intended to operate as an injunction prohibiting disclosure. Morgan, 923 F.2d at 198. It can satisfy that burden through the sealing order itself or through other extrinsic evidence, including the court's general rules or procedures governing the imposition of seals. Id. The DOJ did not attempt to carry this burden.

Additionally, where, as here, the underlying investigation has concluded, a common law right of access applies to search warrant materials. ACLU, 2015 WL 3793496, at *16 (citing United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont., 658 F.3d 1188, 1194 (9th Cir. 2011) ("the public has a qualified common law right of access to warrant materials after an investigation has been terminated"). When a common law right of access applies "a strong presumption in favor of access is the starting point." Custer Battlefield, 658 F.3d at 1194-95 (quotation marks and citations omitted). The party seeking to restrict access bears the burden of overcoming that strong presumption by "articulating compelling reasons … that outweigh the general history of access and the public policies favoring disclosure." Id. (quotation marks, citations, and alternation omitted). The DOJ did not argue that such compelling reasons outweigh the policies favoring disclosure here.

In view of the foregoing, the Court found in the SJ Order that the DOJ had not shown that the search warrant package was properly withheld based on the sealing order. See, e.g., ACLU, 2015 WL 3793496, at *15-16 (finding that a sealed search warrant, application, supporting affidavit, and sealing order were not properly withheld under FOIA and ordering the DOJ to produce the same). In the event the Court so found, the DOJ

requested it be given "an opportunity to seek clarification from the U.S. District Court for the District of Columbia regarding whether the subject information may be released." Def.'s Reply & Opp at 13 n.7, Dkt. 53.  The Court denied the request as unnecessary, reasoning that the sealing order speaks for itself.  See Morgan, 923 F.2d at 198; see, e.g., ACLU, 2015 WL 3793496, at *15-16 (where the court reviewed a sealing order and found no evidence it was intended to operate as the functional equivalent of an injunction).  The Court thus ordered the DOJ to provide the sealing order for *in camera* review.

      Having now reviewed the sealing order, the Court finds that, as to the search warrant package materials at issue, there is no evidence the order was intended to operate as the functional equivalent of an injunction prohibiting disclosure.[2]  Nothing in the sealing order evidences an intent to override the common law right of access to search warrant materials after the investigation concluded.  The sealing order provides that the United States established a compelling governmental interest justifying its request to seal because disclosure of the warrant might have jeopardized the investigation (e.g., by providing the subject of the investigation an opportunity to destroy evidence).  That interest ceased to exist upon conclusion of the investigation.  By granting the motion to seal on that ground, the U.S. District Court for the District of Columbia provided no basis for prohibiting disclosure of the warrant materials beyond the investigation's conclusion.  Furthermore, the sealing order permits disclosure to any federal official to assist that official in the performance of his or her duties.  Such contemplated disclosures could foreseeably lead to the search warrant package being the subject of a FOIA request like the one at issue here.

      Accordingly, given the strong presumption in favor of access to search warrant materials once an underlying investigation has concluded, and in the absence of any contrary intent in the sealing order itself, the Court finds that the sealing order does not provide the DOJ an independent basis to withhold the search warrant package in response to Plaintiff's FOIA requests.

---

[2] The sealing order also refers to other materials not at issue in this action.

### III. CONCLUSION

For the reasons stated above and in the Order dated March 31, 2021 (Dkt. 66), IT IS HEREBY ORDERED THAT:

Defendant's motion for summary judgment is GRANTED IN PART as to the adequacy of the search for responsive materials and the withholding pursuant to Exemption 5 of all materials other than the search warrant package and is DENIED IN PART as to the withholding of the search warrant package. Correspondingly, Plaintiff's cross-motion is GRANTED IN PART as to the withholding of the search warrant package and DENIED IN PART as to the adequacy of the search and the withholding of all other materials.

Within 14 days, Defendant shall produce the search warrant package, redacted in accordance with this Order and the Order dated March 31, 2021.

The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: April 16, 2021

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge