BRIAN M. BOYNTON
Acting Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
STUART J. ROBINSON, CA Bar No. 267183
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Phone: (415) 436-6635; Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov
*Counsel for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMENDMENT COALITION, | Case No. 4:18-cv-05731-SBA |
| Plaintiff, | **EMERGENCY MOTION FOR STAY PENDING APPEAL; DECLARATION OF STUART J. ROBINSON** |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | The Honorable Saundra Brown Armstrong |
| Defendant. | |

1

**MOTION FOR STAY**

2

Pursuant to Federal Rule of Civil Procedure 62(c) and Local Rule 7-11, defendant United States

3 Department of Justice ("DOJ") hereby moves, on an emergency basis, for a stay of the April 30, 2021

4 production deadline set forth in the Court's April 16, 2021 Order Re: Cross-Motions for Summary

5 Judgment, ECF No. 68 ("Order"), pending any appellate review.

6

**ARGUMENT**

7

As the Court is aware from prior proceedings, this is a Freedom of Information Act ("FOIA")

8 case regarding two separate but related FOIA requests that Plaintiff First Amendment Coalition

9 submitted to DOJ. Plaintiff sought disclosure of records related to DOJ's use of legal process to obtain

10 historical phone and email record information regarding Ms. Ali Watkins, a reporter for *The New York*

11 *Times*. In response to Plaintiff's requests, DOJ withheld, among other agency records, a search warrant

12 application and related materials, on the grounds that FOIA Exemption 5 applied to the "search warrant

13 package," and also because the search warrant package was subject to a sealing order issued by the U.S.

14 District Court for the District of Columbia. *See* Decl. of Vanessa Brinkmann ¶¶ 32, 39, ECF No. 49-1;

15 Decl. of Gail Brodfuehrer ¶¶ 28-29, ECF No. 49-2. On April 16, 2021, the Court ordered DOJ,

16 "[w]ithin 14 days," to "produce the search warrant package, redacted in accordance with this Order and

17 the Order dated March 31, 2021." Order at 5.

18

DOJ is considering whether to appeal from this Court's Order. To preserve DOJ's right to

19 appeal, and to avoid irreparable harm to the Department, DOJ respectfully requests that the Order be

20 stayed until June 15, 2021—the deadline for the government to file a notice of appeal, *see* 28 U.S.C.

21 § 2107(b); Fed. R. App. P. 4(a)(1)—or, if DOJ files a notice of appeal by that date, pending appeal.

22 Such relief would provide the Acting Solicitor General of the United States sufficient time to consider

23 whether to authorize an appeal. *See United States v. Bookhardt*, 277 F.3d 558, 563 (noting that "any

24 appeal of a decision adverse to the government must be approved by the Solicitor General").

25

The Court has discretion to determine whether it should stay its Order pending appeal. *See City*

26 *of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1012 (N.D. Cal. 2013). To make this decision, district

27 courts consider four factors: (1) whether the movant has made a strong showing that it is likely to

28 succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether

1    issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where

2    the public interest lies.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (stay of order releasing

3    prisoner); *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (stay of removal).  In the Ninth

4    Circuit, a party requesting a stay may either show "both a probability of success on the merits and the

5    possibility of irreparable injury" or "that serious legal questions are raised and that the balance of

6    hardships tips in its favor."  *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).  Here, the

7    government will effectively be denied its right of appeal if a stay is not granted, and the matter

8    undoubtedly presents serious legal questions.  In light of this, a stay is warranted.

9    **I.    THE GOVERNMENT WILL SUFFER IRREPARABLE INJURY IF A STAY IS NOT**

10   **GRANTED, AND THE BALANCE OF HARDSHIPS WEIGHS IN ITS FAVOR.**

11          DOJ requests a stay of the April 30 deadline in order to allow the government adequate time to

12   consider whether appeal is appropriate and, if the Acting Solicitor General determines it is, to exercise

13   its right to appeal.

14          In the absence of a stay, DOJ will be required by April 30 to disclose the search warrant package,

15   subject to the FOIA Exemption 6 and 7(C) redactions upheld by the Court.  *See* Order at 5; Order

16   Granting in Part Def.'s Mot. for Summ. J. & Denying in Part Pl.'s Mot. for Partial Summ. J. at 30-32,

17   ECF No. 66.  The irreparable harm that would result is manifest.  Where, as here, an order directs an

18   agency to produce documents the agency asserts are legally exempt or privileged against disclosure,

19   compliance with the order "mak[es] the issue . . . effectively moot."  *In re Sealed Case (Medical*

20   *Records)*, 381 F.3d 1205, 1210 (D.C. Cir. 2004) (Garland, J.) (quoting *United States v. Philip Morris*

21   *Inc.*, 314 F.3d 612, 619 (D.C. Cir. 2003)).  That is because compliance "let[s] the cat out of the bag,

22   without any effective way of recapturing it if the district court's directive [is] ultimately found to be

23   erroneous."  *Judicial Watch, Inc. v. DOJ*, 432 F.3d 366, 369 (D.C. Cir. 2005) (quoting *Irons v. FBI*, 811

24   F.2d 681, 683 (1st Cir. 1987)).  The government's right to appeal from this Court's April 16 Order thus

25   "will become moot" once DOJ "surrender[s]" the search warrant package that DOJ withheld from

26   disclosure, because the ordered release will cause "confidentiality [to] be lost for all time[,]" thereby

27   "utterly destroy[ing] the status quo[.]"  *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir.

28   1979).  The resulting harm to DOJ will thus be "irreparabl[e]."  *Id.*

1   For that reason, "[p]articularly in the FOIA context, courts have routinely issued stays where the

2   release of documents would moot a defendant's right to appeal."  *People for the Am.Way Found. v. U.S.*

3   *Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (citation omitted); *see also John Doe Agency v.*

4   *John Doe Corp.*, 488 U.S. 1306, 1308-09 (1989) (Marshall, J., in chambers) (staying FOIA disclosure

5   order of lower court pending disposition of cert petition where, *inter alia*, "fact that disclosure would

6   moot that part of the [challenged] decision requiring disclosure of the *Vaughn* index would also create

7   an irreparable injury"); *Ctr. for Int'l Envt'l Law v. Office of U.S. Trade Rep.*, 240 F. Supp. 2d 21, 23

8   (D.D.C. 2003); *Ctr. for Nat'l Sec. Studies v. DOJ*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002).  Once the

9   government is forced to disclose the search warrant package at issue, its right to a meaningful appeal

10  will be lost, and the status quo cannot be restored.  There is thus no doubt that the harm from compliance

11  with the April 30 production date is both significant and irreparable.  On the other side of this balance, a

12  stay pending the appeal deadline would not substantially harm Plaintiff.  It only "postpones the moment

13  of disclosure[,] assuming [plaintiff] prevails[,] by whatever period of time may be required [] to hear and

14  decide the appeal[]."  *Providence Journal*, 595 F.2d at 890.

15  Public policy also militates in favor of a stay.  DOJ fully acknowledges the importance of the

16  public interest served by adherence to FOIA.  Nevertheless, Exemption 5 is intended to protect the

17  confidentiality of the government's deliberative process and attorney work-product.  *See Dep't of*

18  *Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).  These interests will be

19  irrevocably compromised if statutorily-exempt documents are ordered disclosed before the completion

20  of appellate review.  *See* Brinkmann Decl. ¶¶ 32, 39.  Issuance of a stay, in contrast, will not harm the

21  public interest.  Like Plaintiff, the most the public stands to lose from the Court granting the instant stay

22  request is to have to wait until the Ninth Circuit resolves the propriety of partial disclosure of the search

23  warrant package.

24  **II.   AN APPEAL WOULD PRESENT SERIOUS LEGAL QUESTIONS, AND THE**
    **GOVERNMENT CAN ESTABLISH A PROBABILITY OF SUCCESS.**

25

26  The Court is already familiar with DOJ's view regarding the applicability of Exemption 5 to the

27  search warrant package, as well as the applicability of the sealing order issued by the U.S. District Court

28  for the District of Columbia.  While DOJ recognizes that this Court has ruled against the agency, the

1   Department respectfully submits that, at a minimum, there is a substantial basis for its position on this

2   important issue.

3           There is no Ninth Circuit decision that expressly considers whether search warrant materials can

4   be withheld under Exemption 5 if attached to an indisputably privileged agency memo.  Additionally,

5   DOJ respectfully submits that the Court erred in distinguishing this case from *Shacket v. United States*,

6   339 F. Supp. 2d 1092 (S.D. Cal. 2004).  In its Order, the Court determined that, "unlike in *Shacket*, the

7   search warrant package is not a reflection of the attorneys' internal appraisal of factual evidence, but

8   rather, the presentation of that evidence," and that "[a]lthough factual material contained in the search

9   warrant application may have constituted attorney work-product at one time, it lost its status as such

10  when the application was filed in court."  Order at 26.  But DOJ explained that the search warrant

11  package was included with the request for authorization because it was determined to be useful to the

12  DOJ decision-maker, *see* Brinkmann Decl. ¶¶ 32, 39; whether that specific information was ever

13  publicly disclosed is not dispositive, as indicated by *Shacket*, 339 F. Supp. 2d at 1096 ("The declaration

14  of SA Orantez establishes that to the extent the SAR contains factual material, that material was

15  included in order to illustrate and support Ortanez's conclusion that plaintiff should be prosecuted and,

16  therefore, such material was 'incidental to and bound up with' her discussion regarding whether plaintiff

17  should be prosecuted."); *cf. Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003) ("Where

18  the selection, organization, and characterization of facts reveals the theories, opinions, or mental

19  impressions of a party or the party's representative, that material qualifies as opinion work product.").

20          The Court also held that the deliberative process privilege did not apply because "DOJ makes no

21  showing that this material was selected from a larger universe of material through an exercise of

22  judgment."  *Id.* at 28.  DOJ respectfully submits that the relevant deliberative process inquiry turns

23  primarily on whether an agency employee exercised discretion in selecting factual information for

24  inclusion in a document, not on whether an agency described the bounds of the potential universe of

25  material.  *See Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011).[1]

26

27          [1] As this Court noted, Order at 27, in *Ancient Coin*, 641 F.3d at 513-14, the D.C. Circuit
    explained that "the factual summaries contained in the subject reports 'were culled by the Committee
    from the much larger universe of facts presented to it' and reflected an 'exercise of judgment as to what
28  issues [were] most relevant to the pre-decisional findings and recommendations.'"  In DOJ's view, the
    D.C. Circuit was drawing a distinction between the rote inclusion of potential documents and the

1   Moreover, if the Court determined that DOJ's submissions required additional explanation about the

2   Department's process in preparing the authorization request, it should have ordered the agency to

3   provide that explanation rather than compel disclosure. *See Wilkinson v. FBI*, 633 F. Supp. 336, 340

4   (C.D. Cal. 1986) ("[T]he Court finds that the government's affidavit is inadequate to sustain several of

5   its asserted exemptions. Instead of immediately ordering disclosure, however, the government will be

6   permitted to file one further affidavit explaining in detail why the exemptions should apply."); *see also*

7   *W. Res. Legal Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, No. 3:19-cv-01119, 2020 WL 6829767, at

8   *12 (D. Or. Nov. 20, 2020); *Muchnick v. Dep't of Homeland Sec.*, No. 15-cv-3060-CRB, 2016 WL

9   730291, at *4-5 (N.D. Cal. Feb. 24, 2016).

10   At a minimum, however, these issues present serious legal questions that the Ninth Circuit

11   should have the opportunity to address, in the event the Acting Solicitor General authorizes appeal. *See*

12   *Providence Journal*, 595 F.2d at 890 (FOIA "appellants need not show an absolute probability of

13   success in order to be entitled to a stay.").

14   <center>**CONCLUSION**</center>

15   The government will suffer irreparable harm—the effective denial of its right to appeal—if the

16   search warrant package at issue is required to be partially disclosed in accordance with the Court's

17   Order. DOJ thus respectfully requests that the April 30 production deadline be stayed to permit the

18   Acting Solicitor General to determine whether to authorize appeal, and, if so, to allow the court of

19   appeals to consider this matter.

20

21   DATED: April 23, 2021                                   Respectfully submitted,

22

23                                                          BRIAN M. BOYNTON
                                                            Acting Assistant Attorney General

24                                                          MARCIA BERMAN
                                                            Assistant Branch Director

25

26   ─────────────────────────

27   exercise of discretion in determining which documents to present to a decision-maker. *See Mapother v. DOJ*, 3 F.3d 1533, 1539 (D.C. Cir. 1993) (contrasting tasks that "require[] exercises of discretion and

28   judgment calls" from those that are "'essentially technical' in nature" (citation omitted)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/Stuart J. Robinson
STUART J. ROBINSON, CA Bar No. 267183
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Phone: (415) 436-6635; Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov

*Counsel for Defendant*

1

<u>**DECLARATION OF STUART J. ROBINSON**</u>

2

I, Stuart J. Robinson, declare and state as follows:

3

1.      I am a Senior Counsel for the U.S. Department of Justice, Civil Division, Federal

4

Programs Branch, and counsel of record for DOJ in the above-captioned action.

5

2.      On April 22, 2021, I asked Plaintiff's counsel whether Plaintiff would stipulate to a stay

6

of the April 30 production deadline until and including June 15, as well as during any appeal.

7

3.      On April 23, 2021, Plaintiff's counsel informed me that Plaintiff opposed the request for

8

a stay of the production deadline.

9

I declare under penalty of perjury under the laws of the United States of America that the

10

foregoing is true and correct.

11

12

DATED:  April 23, 2021

13

  /s/ *Stuart J. Robinson*_____
STUART J. ROBINSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMERGENCY MOTION FOR STAY PENDING APPEAL; ROBINSON DEC.
NO. 4:18-CV-05731-SBA

8